JOSEPH HOPKINS, PROSECUTOR, v. FRANK BYARD, RESPONDENT.

Submitted March 18, 1910—Decided June 13, 1910.

1. A justice of the peace loses jurisdiction of a case in a small cause court by being absent from the place of trial at the time to which it had been adjourned.
2. Such jurisdiction is not restored by defendant's attorney requesting by telephone a further adjournment which is not granted.

On *certiorari* to small cause court.

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutor, *Peter Backes.*

The opinion of the court was delivered by

PARKER, J. The judgment below is challenged on the ground that the justice lost jurisdiction of the cause. At the return of the summons there was a regular adjournment for two weeks, until August 27th, 1909, two P. M. at the justice's office. The docket then says:

"Before day of trial I was in Massachusetts, and unable to get home the twenty-seventh, the day of trial. I therefore wrote counsel on both sides adjourning the action until Friday, September tenth, nineteen hundred and nine, two P. M. at my office. On that day, September tenth, about one hour before trial, the counsel for the defendant telephoned me asking for an adjournment; I told him I was willing if Mr. Bergen, counsel for plaintiff, was willing, and told him to telephone him and he said he had not the time.

"At two P. M. Mr. Byard, the plaintiff, appeared with his lawyer and seven witnesses, and his counsel demanded that the trial proceed.

"At 2:15 P. M. the defendant not appearing, I proceeded to hear and determine the case," &c.

That the justice lost jurisdiction by being away from the place of trial at the time set for trial is well settled. In *Brannin* v. *Voorhees,* 2 *Gr.* 590, 592, it was intimated that this would work a discontinuance. It was definitely so held as to the return day of the summons in *Halsey* v. *Whitlock, Penn.* 869, and *Nicholson* v. *Wright,* 1 *Harr.* 232, and reaffirmed *obiter* in *Taylor* v. *Doremus,* 1 *Id.* 473, 478. In *Woodworth* v. *Wolverton,* 4 *Zab.* 419, Mr. Justice Elmer said:

"The Small Cause act gives no authority to the justice to adjourn the cause at any other time or place than on the day when the parties are or ought to be before him and at the place of holding his courts. An adjournment is a judicial act to be done in open court in the presence of the parties, if they think proper to attend. If made under other circumstances, the subsequent appearance and consent of the parties may

legalize it, and the party at whose instance it may have been done will not be permitted to complain of it. But it is an irregular proceeding which ought not to be encouraged."

In *McKenna* v. *Murphy,* 39 *Vroom* 522, and *Johnson* v. *Reilly,* 41 *Id.* 620, the circumstances were similar to those of the case at bar, as to the justice being absent; and it was held that the judgment could not stand.

Was the error waived by the act of defendant's attorney in telephoning? We think not. If he had appeared in court and asked an adjournment and it had been granted, it may be that the cause would have been reinstated by such action. As to this, no opinion is expressed. But he neither appeared nor was the adjournment granted; and a mere request by telephone could not operate to reinstate a jurisdiction that had lapsed two weeks before.

The judgment will be reversed, with costs.