## HENRY CHALMERS v. WILDWOOD WATER WORKS COMPANY, PROSECUTOR.

Submitted March 20, 1913—Decided June 9th, 1913.

The absence of a justice of the peace from the place to which he adjourns a case at the time when he should be there, vacates his jurisdiction.

On *certiorari.*

Before Justices TRENCHARD, PARKER and VOORHEES.

For the plaintiff, *Henry S. Alvord.*

For the prosecutor, *Ernest Watts.*

The opinion of the court was delivered by

VOORHEES, J. This is a *certiorari* removing the judgment of a justice of the peace, rendered against the defendant after a contest before him for rent of water meters paid

during six years then past, by certain water takers, to the defendant, under compulsion or duress, and in excess of the lawful charge of the borough of Holly Beach City. These were computed by the justice of the peace, with interest, to amount to $199.27.

*Certiorari* as a means of re-examination was resorted to, because it was alleged that the justice had no jurisdiction, and if he had, had lost it, and specially because the justice who heard the case on August 29th, 1912, reserved his decision until September 3d, at the city hall, but that at the place so fixed, the justice was not present, and did not render decision until September 19th; decision on said date being rendered without notice to the parties.

The justice, by his return under a rule of this court, certifies that he rendered his judgment on September 3d, and notified both parties on that day. But it also appears that judgment was entered in his docket on September 19th, at the request of the company's attorney, in order that he might perfect an appeal. Having been informed that the company would not be present at the city hall on September 3d, the justice rendered his judgment in his office on that date.

It is well settled in this state that the absence of a justice of the peace from the place to which he adjourns a case at the time when he should be there, vacates his jurisdiction. *Hopkins* v. *Byard,* 51 *Vroom* 156, and cases cited.

. The claim of the justice that he was induced by the defendant to stay away because the defendant did not intend to be present is without effect to restore the judgment to its proper form. Of a like character is his announcement that he was induced to render judgment upon the 19th, for that was after the case had been improperly dealt with. We cannot justify the judgment as valid under either of these contradictory returns. It will, therefore, be set aside.